# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**TERRY WORKMAN,**

    **Plaintiff,**

v.                                             **CASE NO. 2:10-cv-01358**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Terry Lee Workman (hereinafter referred to as "Claimant"), has filed a number of applications for SSI and disability insurance benefits ("DIB"). On January 13, 1994, Claimant filed an application for SSI, which was denied initially on May 26, 1994. Claimant did not file an appeal. (Tr. at 11.) On December 4, 1996, Claimant filed an application for SSI, and benefits were awarded at the initial level on the basis of mental retardation and seizure disorder on May 16, 1997. Claimant's benefits were terminated in April 2002, and there is no evidence that Claimant filed an appeal. (Tr. at 11.) On August 3, 2004, Claimant filed an application for DIB and SSI. The DIB claim

was denied because Claimant was not insured. The SSI claim was denied initially, and there is no evidence that Claimant filed an appeal. (Tr. at 11.) On April 3, 2006, Claimant filed an application for SSI. The claim was denied initially on July 13, 2006, and there is no evidence that Claimant filed an appeal. (Tr. at 11.)

Claimant, who was born August 15, 1982, filed the current SSI application (along with a DIB application) on July 16, 2008. (Tr. at 78-81.) The DIB application was technically denied because Claimant was not insured. (Tr. at 11.) Claimant alleged disability as of December 1, 1996, because he cannot read or write and due to a seizure disorder and bipolar disorder. (Tr. at 78-81, 107.) The claim was denied initially and upon reconsideration. (Tr. at 25-27, 36-37.) Claimant requested a hearing before an Administrative Law Judge ("ALJ"). On the request for hearing and by decision dated May 24, 2010, the Honorable Irma J. Flottman reopened Claimant's April 3, 2006, SSI application for benefits and found that Claimant was disabled beginning April 3, 2006, the date of the prior application. (Tr. at 11, 16.) On July 14, 2010, Claimant requested review of the ALJ's decision, copies of exhibits, hearing cassettes and other written evidence and forty-five days or a reasonable opportunity following receipt of the exhibits for Claimant's representative to file a note of argument in the matter. (Tr. at 6.) The Appeals Council's decision does not explicitly acknowledge this letter, and there is no indication that Claimant's counsel filed a brief.[1] Instead, the ALJ's decision became the final decision of the Commissioner on October 29, 2010, when the Appeals Council denied Claimant's request for review. (Tr. at 1-2.) In the decision, the Appeals Council

---

[1] Claimant also filed a request for review on August 23, 2010, which stated that Claimant seeks an award for benefits "back to the award of benefits on May 16, 1997 ([terminated] April 02)". (Tr. at 5.)

2

stated that it noted "upon review of the record [it] found the [ALJ] reopened the previous determination because grounds existed for reopening as defined in 20 CFR 416.1488 and 416.1489. This means we cannot reopen the decision on your previous claim dated August 3, 2004 for [SSI] because the time limit has expired." (Tr. at 2.) On December 7, 2010, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2010). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's

impairments prevent the performance of past relevant work. Id. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 14.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of mild mental retardation, disorder of written expression, reading disorder and attention deficit hyperactivity disorder ("ADHD"), mood disorder, oppositional defiant disorder and seizure disorder. (Tr. at 14.) At the third inquiry, the ALJ concluded that Claimant's impairments meet Section 12.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 14.) The ALJ concluded that Claimant's substance use disorder was not a contributing factor material to the determination of disability. (Tr. at 15.) On this basis, benefits were granted effective April 3, 2006, the date of the prior application. (Tr. at 15.)

4

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because although the ALJ reopened the April 3, 2006, application for SSI (because it was within the two-year time period provided for in 20 C.F.R. § 416.1488 (2010) and good cause existed), she did not address the reopening with respect to Claimant's other prior applications or his termination of benefits in April of

2002.² (Pl.'s Br. at 3.) Per Affidavit, Claimant asserts that he was not represented by counsel on his January 13, 1994, application, the termination of his benefits upon reaching adult status in 2002 or on his subsequent applications in August 2004 and April 2006. In addition, he was not even aware that he had received childhood benefits and did not know they were terminated in 2002. A girlfriend helped Claimant file the August 2004, claim, but he was not aware it was subsequently denied. Another friend helped him file the April 2006, claim, but he did not recall receiving a denial notice and was unaware of his appeal rights. Claimant did not learn of his appeal rights until his father took him to see a lawyer in 2008 or 2009. (ECF No. 12-2, p. 1.)

Claimant argues that his prior claims should be reopened based on Young v. Bowen, 858 F.2d 951 (4th Cir. 1988), Culbertson v. Secretary of Health and Human Services, 859 F.2d 319 (4th Cir. 1988) and Acquiescence Ruling 90-4(4). Claimant asserts that the ALJ's decision established his mental incompetency and that, as a result, his prior applications and termination of benefits should be reopened so that he can be awarded benefits in connection with the 2004 application and, except for the time he received benefits from December 4, 1996, through April 2002, he should also be awarded benefits up to the date he started receiving benefits as a result of the ALJ's current favorable decision. In the alternative, Claimant asks that the case be remanded for a supplemental hearing. (Pl.'s Br. at 6-7.)

In response, the Commissioner argues that no grounds exist for reopening the

---

² By letter dated February 4, 2009, Claimant's counsel asked the Social Security Administration to "re-open any of this claimant's prior applications and obtain prior claim files from wherever they may be stored, in order that this client's claim may be adjudicated based upon all available evidence and confirm the status of this claim in writing." (ECF No. 12-1, p. 1) (emphasis in original).

three earlier applications.  The Commissioner points to the fact that the ALJ referenced 20 C.F.R. § 416.1488(b) in reopening Claimant's 2006 application because it was filed within two years of the date of the initial determination and she found good cause to reopen the case.  The Commissioner goes on to argue that the "fraud or similar fault" element of 20 C.F.R. § 1488(c) was not present and that the facts in the instant matter are not analogous to Culbertson and Young.  The Commissioner points out that at the time of his 1994 and 1996 claims, Claimant was a minor and had the benefit of his parents in processing applications, regardless of his mental capacity during those times.  In addition, with respect to his 2004, application he had the help of a girlfriend.  (Def.'s Br. at 5-6.)

In reply, Claimant argues that the Commissioner "tries to inveigle this court into believing that ALJ Flottman evaluated whether to reopen Workman's 1994, 1996, and 2004 applications" under § 416.1488(c).  (Pl.'s Reply at 1.)  Regarding the argument that Claimant's parent managed his claims while he was a minor, Claimant argues that based on Culbertson, it is appropriate to determine whether Claimant's parent was competent to do so during the time these applications were filed.  Claimant points out that his girlfriend was not legally responsible for him.  (Pl.'s Reply at 1-2.)

Cases decided by the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit make clear that federal courts lack subject matter jurisdiction to review the Commissioner's refusal to reopen a prior determination.  See Califano v. Sanders, 430 U.S. 99 (1977); McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981); Cleaton v. Secretary, Dep't HHS, 815 F.2d 295 (4th Cir. 1987).  However, when a

claimant asserts a colorable constitutional claim, the court has jurisdiction to consider whether the Commissioner's refusal to reopen the prior determination was proper. Califano, 430 U.S. at 109; McGowen, 666 F.2d at 65; Shrader v. Harris, 631 F.2d 297, 299-300 (4th Cir. 1980); Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988); Culbertson, 859 F.2d at 322.

In Culbertson, the United States Court of Appeals for the Fourth Circuit held that the Secretary, now Commissioner, may not invoke res judicata or administrative finality to prevent review of a previous claim that was denied without appeal, even if the claimant does not satisfy the requirements for reopening contained in the regulations[1],

---

[1] The regulations provide as follows:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;
(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489, to reopen the case; or
(c) At any time if it was obtained by fraud or similar fault. In determining whether a determination or decision was obtained by fraud or similar fault, we will take into account any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have had at the time.

20 C.F.R. § 416.1488 (2010). "Good cause" is defined as follows:

(a) We will find that there is good cause to reopen a determination or decision if--
(1) New and material evidence is furnished;
(2) A clerical error was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 416.1489 (2001).

8

where the claimant applied <u>pro se</u> and "lacked both the mental competence and legal assistance necessary to contest the initial determination." <u>Culbertson</u>, 859 F.2d at 323. In <u>Culbertson</u>, the plaintiff was a mentally retarded thirty-year old whose father had initially applied for benefits on her behalf. Thereafter, plaintiff filed her own application, which also was denied. She then filed a third application, obtained counsel and was awarded benefits based on "an overwhelming nonexertional impairment which rendered her disabled prior to age 22." <u>Id.</u> at 321. In addition, the ALJ reopened the claim filed by claimant's father and awarded benefits from the date of this initial application. <u>Id.</u> Following protracted administrative proceedings in which the Appeals Council and the ALJ were at odds, the claimant appealed to the district court. The district court initially remanded the case for a supplemental hearing because of inadequacies in the transcript from the administrative hearing. The ALJ again awarded benefits on the earlier application, concluding that Claimant lacked the intellectual ability and emotional maturity necessary to assert her rights in 1976. <u>Id.</u> at 321-22. Upon return to the district court, it remanded to the Commissioner once again, finding that because the claimant's father filed the first application on the claimant's behalf, it was his competence that controlled any due process analysis of the Commissioner's ultimate decision not to reopen. <u>Id.</u> at 322.

The Fourth Circuit reversed, ruling that it was the mental competency of the claimant, not her father, that was at issue. <u>Id.</u> at 324. The Fourth Circuit reasoned that "[i]n filing the 1976 application in his daughter's name, claimant's father did little more than serve as willing volunteer." <u>Id.</u> The Fourth Circuit noted that its previous decision

9

in <u>Shrader v. Harris</u>, 631 F.2d 297, 301-02 (4th Cir. 1980), "prohibits the Secretary from binding a claimant to an adverse ruling when that individual lacked both the mental competence and legal assistance necessary to contest the initial determination." <u>Id.</u> at 323.

After <u>Culbertson</u> and the similar case of <u>Young</u> (wherein the claimant was mentally ill), the Social Security Administration ("SSA") issued Acquiescence Ruling ("AR") 90-4(4) in which it stated that the holdings in <u>Culbertson</u> and <u>Young</u>

> mandate that SSA reopen an otherwise final administrative determination at any time when a claimant, who had no individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior determination, establishes a prima facie case that mental incompetence prevented him or her from understanding the procedure necessary to request administrative review unless it holds an evidentiary hearing and determines that mental incompetence did not prevent the claimant from filing a timely appeal.

AR 90-4(4), at *4 (July 16, 1990).

SSA stated that the AR would be applied within the Fourth Circuit as follows:

Where an initial or reconsideration determination based on an application filed by or on behalf of a claimant, who had no individual legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative), has become final (i.e., the 60 day time limit for requesting administrative review has expired) and the claimant presents a prima facie case that mental incompetence prevented him or her from understanding the procedures necessary to contest that determination, SSA will determine whether the claimant actually did not understand the procedures necessary for requesting review of the prior determination. If the adjudicator determines that a prima facie case is sufficiently conclusive to establish that the claimant did not have the mental competence necessary to request review of the prior determination, then he or she will not apply res judicata or administrative finality, but will reopen the prior determination and issue a revised determination. However, if there is a question of the sufficiency of the prima facie case, the adjudicator will hold an evidentiary

> hearing to determine the claimant's mental competence at the time of the prior determination.

AR 90-4(4), at *5. SSA defined a prima facie case of mental incompetence as "one which presents evidence which, if uncontradicted, is sufficient to establish that the claimant lacked both the mental competence and the legal assistance necessary to request administrative review of the prior determination." Id.

The court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not address reopening as to all the previous claims, as requested by Claimant's counsel. Claimant submitted a letter dated February 4, 2009, requesting such reopening of all prior applications. (ECF No. 12-1, p. 1.) This letter is not contained in the record and it is unclear whether the ALJ ever had access to it. The Commissioner does not address the letter in his briefing.

Furthermore, the Appeals Council did not respond to Claimant's request for additional time for briefing, in which Claimant presumably would have raised the reopening issue in light of the mention of it in the request for review. The absence of explanation from the ALJ and failure of the Appeals Council to address the extension request and even the reopening issue as expressed in the request for review leave the court with no choice but to find that remand is in order for further explanation and consideration. At that time, the applicability of AR 90-4(4) and the above-referenced case law can be determined.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, this matter is REVERSED and REMANDED for

further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Memorandum Opinion and Order to all counsel of record.

ENTER: March 26, 2012

Mary E. Stanley
United States Magistrate Judge